## C. E. NICKENS v. STATE.

No. A-4484.    Opinion Filed Aug. 15, 1924.
(227 Pac. 904.)

(Syllabus.)

**Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Manufacture.** In a prosecution for manufacturing whisky, evidence considered, and held sufficient to sustain a verdict and judgment of conviction.

Appeal from County Court, Tillman County; W. H. Hussey, Judge.

C. E. Nickens was convicted of the unlawful manufacture of intoxicating liquors, and appeals. Affirmed.

Wilson & Roe, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that on or about the 17th day of March, 1922, C. E. Nickens and Raymond Moore did commit the crime of manufacturing whisky. It appears that Raymond Moore pleaded guilty to this information.

Upon his trial the jury found appellant Nickens guilty and fixed his punishment at confinement in the county jail for three months and a fine of $250. He has appealed from the judgment rendered on the verdict.

The assignments of error question the sufficiency of the evidence to sustain the verdict.

It appears that appellant, an oil field worker, some time in December, 1921, rented about 40 acres of land on the Dan Sutherland farm; another party was in possession of the tenant house on the premises, and appellant, Nickens, assisted by his codefendant, Moore, constructed a dugout 18 by 24 feet, walled up by 2 by 12 planks and with roof of 2-inch planks, and an opening 3 by 4 feet in the roof.

Appellant and his wife occupied the dugout for about ten days, then moved into the tenant house. In March appellant left the farm and went back to the oil fields in Texas. He had been gone five or six days when the officers searched the premises and found in appellant's dugout a 50-gallon still and a smaller still, both equipped as a double run still with gasoline burners beneath, also a barrel of gasoline, 20 barrels of mash, and a small amount of whisky in a jug. The proof showed that the stills had been in operation in this dugout; the large still was on a brick foundation.

When the state rested, defendant moved the court to instruct the jury to return a verdict of acquittal. Overruled. Exception allowed.

The testimony of the defendant in his own behalf was all that was offered on the part of the defense. He testified:

"I rented this place from Mr. Sutherland and told him I would dig a dugout to live in until I could get possession of the house. I had been at work three or four days when Raymond Moore showed up, and he said, 'I will help you,' and he helped me finish. I had it floored and had a ladder fixed up and made it as convenient as I could for a dugout. Then my wife came. We lived in the dugout about ten days, then moved into the house, which was about a quarter of a mile from the dugout. Raymond Moore said he believed he would stay in the dugout for a while. I was never down there again. I did not know that the stills were in the dugout, and I did not manufacture any whisky there."

It is the province of a jury in a criminal case to try the issue joined by a plea of not guilty, and if the evidence of the state will support a conviction this court will not ordinarily interfere. In this case the evidence as to the commission of the offense and as to the guilt of this defendant was in our opinion sufficient to support a conviction, and, it appearing that the defendant had a fair trial, the judgment of the lower court is affirmed.

MATSON, P. J., and BESSEY, J., concur.